UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

RAPHAEL MENDEZ,

    Petitioner,

v.

Warden B.R. JETT at FMC-Rochester,
Minn., Unit Manager M. HAUGEN, and
SIS S. HANSEN,

    Respondents.

Civil No. 13-1270 (ADM/FLN)

**REPORT AND RECOMMENDATION**

This case is before the undersigned United States Magistrate Judge on Petitioner's self-styled application for a writ of habeas corpus, brought under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the case be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.    BACKGROUND**

Petitioner is an inmate at the Federal Medical Center in Rochester, Minnesota, ("FMC-Rochester"). His current petition does not explain the reason for his confinement at FMC-Rochester. However, Petitioner is a frequent litigator in this District, and the history

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

of his confinement is well documented in previous court decisions. Those decisions show that in 1990, federal criminal charges were brought against Petitioner in the United States District Court for the Virgin Islands. He was charged with assault, being a felon in possession of a firearm, and other offenses. Petitioner never went to trial on those charges, because he was found to be incompetent. In 1991, he was committed to the custody of the United States Attorney "for care and treatment under Title 18 U.S.C. § 4246." Mendez v. Bureau of Prisons, Civil No. 08-4971 (D.Minn. 2009), 2009 WL 3856925 at *1. In 1996, Petitioner was conditionally released from custody, but a federal court judge later ordered that he be taken back into custody, because he had violated the conditions of his release. Id. at *2.[2]

---

[2] The Third Circuit Court of Appeals has explained the history of Plaintiff's case as follows:

"In 1990, Mendez was indicted in the Virgin Islands for assault with a deadly weapon and related offenses. See United States v. Mendez, Crim A. No. 90-0043 (D.V.I). In 1991, the Virgin Islands District Court found Mendez to be suffering from a mental disease or defect rendering him mentally incompetent to stand trial. Pursuant to 18 U.S.C. § 4241(d), Mendez was committed to the custody of the Attorney General for treatment at the Mental Health Division of the Federal Correctional Institution at Butner, North Carolina ("FCI-Butner").

The warden of FCI-Butner filed a Certificate of Mental Disease or Defect and Dangerousness and a petition for civil commitment pursuant to § 4246, in the United States District Court for the Eastern District of North Carolina ("District Court"). See United States v. Raphael Mendez, Civ. A. No. 91-350-HC (E.D.N.C.). In September 1991, the District Court granted the petition and Mendez was committed to the custody of the Attorney General pursuant to § 4246(d). The District Court ordered Mendez's conditional release in 1996. He was re-committed in 2001 and his conditional release was revoked in November, 2002. Mendez challenged his re-commitment under § 4246, claiming, among other things, that the District Court lacked jurisdiction because he was charged with criminal offenses under Virgin Islands Territorial law, not federal law. The Fourth Circuit Court of Appeals

Petitioner has been confined at FMC-Rochester for about the past seven years. As noted above, he is presently seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. However, the Court finds that this action must be summarily dismissed, because Petitioner has not presented any colorable claim for relief.

## II.    DISCUSSION

Most of Petitioner's current habeas corpus petition is incomprehensible. He has described his grounds for relief, ("GROUNDS FOR THIS PETITION RELIEF"), as follows:

> "This petition REQUEST for a JURY TRIAL is grounded on the OBSTRUCTION/HINDERING of Mendez, communication with the courts and other governmental agencies that could have an interest in Mendez, case problem such as the Virgin Islands Federal Bureau of Investigation (FBI) local (or) Territorial agents in charge. See Amendement [sic] Article VI, Bill of Rights for Criminal Proceedings and the authority of the 2241 writ is found for violating these U.S. Constitutional Bill of Rights at note (3) of the writs written enactment.
>
> Mendez, standard of defense will be under federal law of Criminal Conspiracy Title 18 USC § 241 and under Civil Conspiracy liability Title 42 USC § 1985 (3) authorities of federal laws."

(Petition, [Docket No. 1], pp. 4-5.)  The rest of the current petition is just as inscrutable as the passage quoted above.

After carefully considering all of the allegations presented in the current petition, the Court cannot discern any possible grounds for granting Petitioner a writ of habeas corpus. Petitioner simply has not presented any cogent factual or legal grounds that would allow the Court to grant him any relief under § 2241 (or otherwise).  The Court will therefore

---

  affirmed the judgment of the District Court on jurisdictional and substantive grounds."

In re Mendez, 220 Fed.Appx. 75, 76 (3rd Cir. 2007) (unpublished opinion).

recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules.

Having determined that Petitioner's habeas corpus petition must be summarily dismissed, the Court will further recommend that his pending application to proceed in forma pauperis, (Docket No. 2), be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

### III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for leave to proceed in forma pauperis,(Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED.

Dated: June 6, 2013

s/ *Franklin L. Noel*  
FRANKLIN L. NOEL  
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 21, 2013**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.