UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Raphael Mendez,

    Petitioner,

v.                                   **ORDER**
                                      Civil No. 13-1270 ADM/FLN

Warden B.R. Jett at FMC-Rochester, Minn.;
Unit Manager M. Haugen; and SIS S. Hansen,

    Respondents.

_____

Raphael Mendez, pro se.

Erika R. Mozangue, Esq., and Gregory G. Brooker, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Respondents.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge on Petitioner Raphael Mendez's Objection to Magistrate Judge Franklin L. Noel's Report and Recommendation ("R&R") of June 6, 2013 [Docket No. 4].  The procedural and factual background, described in the R&R, is incorporated by reference.  For the reasons set forth below, Petitioner's Objection [Docket No. 5] is overruled and the R&R is adopted.

## II.  DISCUSSION

**A.  Standard of Review**

In reviewing a magistrate judge's report and recommendation on dispositive motions, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C)

(2006); see also D. Minn. L.R. 72.2(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

**B.  Mendez's Objections**

Mendez identifies two grounds for his Objection to Judge Noel's R&R: (1) Mendez wants a jury—not a judge—to decide this petition, and (2) he wants to create a record for reference in future legislative actions.  After fully considering the Mendez's arguments and carefully reviewing Judge Noel's R&R, the Court concludes that the R&R is a fair and accurate assessment of the petition.  The Court addresses Mendez's arguments below.

### 1.  Mendez wants a jury to decide his petition

Mendez writes that he "is objecting BECAUSE [he] NEVER ASKED for [his] § 2241 writ to be decided by any member of this court BENCH members . . . [He] wanted a trial by jury." Objection at 1.  Writs of habeas corpus are granted by judges, not juries.  28 U.S.C. § 2241(a) (2006).  Mendez identified his initial filing as a "Petition for 28 USC § 2241 (3) Writ." Petition [Docket No. 1] 1.  Section 2241 states in relevant part that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C § 2241(a).  Thus, Mendez has no right to a jury trial on an habeas corpus petition.

The reason Mendez wants a jury to decide his petition is because he claims the judges of this Court are biased.  Objection at 2.  In support of this claim he cites an adverse decision he received from this Court in a previous action.  Id. at 2-3.  This claim is unsubstantiated and irrelevant to the present case.  Mendez provides nothing of substance in support of his bias claim other than his disagreement with the outcome in the previous action.  Moreover, neither of the

judges involved in the previous case are involved in the present case. Thus, the Court concludes that Mendez's bias claim is without merit.

### 2. Creating a record for legislators' reference

The second reason Mendez gives for his Objection is "to have these claims filed on record in preparation for a U.S. Legislation role in Law making." Objection at 3. Mendez's Petition and his Objection have been publicly recorded on the Court's electronic docketing system ("CM/ECF").

### C. Mendez's Clarifications

As Judge Noel notes, the Petition in this case is, on the whole, incomprehensible. R&R at 3. The Objection provides some clarification. The Court surmises that Mendez believes the Respondents obstructed justice by hindering his communication with the Virgin Islands office of the FBI. Objection at 2. Petitioner made the same claim in an earlier habeas action. Mendez v. Bureau of Prisons, No. 08-CV-4971, 2009 WL 3856925 (D. Minn. Nov. 17, 2009). As the Court explained in response to that earlier action, a habeas action is not the appropriate way to bring this claim. Id. at *5. "If the prisoner is not challenging the validity of his conviction or the length of his detention . . . then a writ of habeas corpus is not the proper remedy." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996). Telephone privileges relate to the conditions of a prisoner's confinement, not the validity or length of the confinement. Mendez, 2009 WL 3856925, at *5; see also Martin v. Mooney, No. 06-1605, 2007 WL 1306409, at *20 (D. Minn. May 3, 2007).

Although Judge Noel does not explicitly address Mendez's obstruction of justice claim in the R&R, doing so does not change the conclusion that "the Court cannot discern any possible

grounds for granting Mendez a writ of habeas corpus." R&R at 3. The Court concludes Judge Noel's R&R is a thorough and correct assessment of the petition.

### III.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Raphael Mendez's application for leave to proceed in forma pauperis, [Docket No. 2] is **DENIED**;

2. Petitioner Raphael Mendez's Objection [Docket No. 5] to Magistrate Judge Franklin L. Noel's Report and Recommendation of June 6, 2013 [Docket No. 4] is **OVERRULED**; and

3. The Report and Recommendation is **ADOPTED** and this case is **DISMISSED.**

    **LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery

ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: July 2, 2013