UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Raphael Mendez, | Civil No. 13-1270 (ADM/FLN) |
|     Petitioner-Appellant,<br>v. | **MEMORANDUM AND ORDER** |
| Warden B.R. Jett at FMC-Rochester, Minn.,<br>Unit Manager M. Haugen, and SIS S. Hansen, | |
|     Respondents-Appellees. | |

This matter is presently before the Court on Petitioner's application for leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 11.) Petitioner, a prisoner at the Federal Medical Center in Rochester, Minnesota, is attempting to appeal the Court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. (See Order dated July 2, 2013; [Docket No. 8].)

A litigant who seeks to be excused from paying the $455 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken "in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, Petitioner's IFP application shows that he is not receiving any regular income, except for nominal wages from a prison job. The application also shows that Petitioner has no bank accounts or other assets that could be used to pay the filing fee and costs for his appeal. Based on the information furnished in Petitioner's IFP application, the Court finds that he is financially eligible for IFP status.

Although the Court remains fully satisfied that Petitioner's habeas corpus petition was properly denied, his appeal is not deemed to be "frivolous," as that term has been defined by the Supreme Court. Therefore, Petitioner's appeal is considered to be taken "in good faith" for purposes of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and his IFP application will be granted.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> on appeal, (Docket No. 11), is GRANTED.

Dated: August 1, 2013                                         s/Ann D. Montgomery

ANN D. MONTGOMERY
United States District Court Judge